IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

BRADLEY WAYNE STOKES,          )
                               )
            Petitioner,        )
                               )
      v.                       )      Civil Action No. 3:18cv629-MHT
                               )               [WO]
UNITED STATES OF AMERICA,      )
                               )
            Respondent.        )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

## I.   INTRODUCTION

Before the court is petitioner Bradley Wayne Stokes's *pro se* motion to correct plain

error.  Doc. No. 2.  In June 2009, Stokes pleaded guilty to several federal firearm offenses,

including three counts of violating 18 U.S.C. § 922(g)(1), which prohibits possession of a

firearm by a convicted felon.  *See* Case No. 3:08cr189-MHT.  On June 10, 2010, the district

court sentenced Stokes to 200 months in prison.[1]  Stokes took no direct appeal.  He later

filed an initial motion under 28. U.S.C. § 2255, and it was denied on October 14, 2014.

*See* Civil Action No. 3:12cv925-MHT.

Stokes has now filed the present motion arguing that the district court was without

jurisdiction to impose his sentence and that his counsel was ineffective for failing to raise

this claim.  He purports to bring this motion under Rule 52(b) of the Federal Rules of

Criminal Procedure.  For the reasons that follow, Stokes's motion is due to be dismissed

---

[1] Stokes received neither an Armed Career Criminal Act nor career offender sentencing enhancement.

as a successive 28 U.S.C. § 2255 motion filed without the required appellate court authorization.

## II.   DISCUSSION

Rule 52(b) of the Federal Rules of Criminal Procedure is "intended for use on direct appeal" and is inapplicable "when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct review or by the affirmance of the conviction on appeal." *United States v. Frady*, 456 U.S. 152, 164 (1982).

Stokes's motion to correct plain error is clearly a collateral attack on the validity of his sentence. A motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is the proper mechanism for a federal prisoner to raise a collateral attack on the validity of a judgment or the sentence imposed. *See* 28 U.S.C. § 2255(a) & (e); *United States v. Holt*, 417 F.3d 1172, 1174–75 (11th Cir. 2005); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Therefore, regardless of Stokes's labeling, the instant motion is of the same legal effect as—and must be construed as—a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework"); *United States v. Hernandez*, 369 F. App'x 72, 73 (11th Cir. 2010 ("To determine whether a *pro se* motion is actually a second or successive § 2255

motion, we examine the content of the filing and the relief sought, not the label placed on the motion.").

Stokes has filed a previous § 2255 motion.  He filed his first § 2255 motion in October 2012.  *See* Doc. No. 1 in Civil Action No. 3:12cv925-MHT.  On October 14, 2014, this court denied Stokes's § 2255 motion and dismissed the action with prejudice on grounds that the motion was time-barred under the one-year limitation period in 28 U.S.C. § 2255(f).  *Id.* (Doc. Nos. 10, 11 & 12 [Recommendation of Magistrate Judge; Opinion Adopting Recommendation; and Final Judgment]).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *See* 28 U.S.C. § 2255(h).

"The bar on second or successive [§ 2255] motions is jurisdictional."  *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013).  A federal district court lacks jurisdiction to consider a successive § 2255 motion where the movant fails to obtain the requisite permission from

the appellate court to file a successive motion. *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). For purposes of the AEDPA's successive-motion rules, the dismissal of an initial § 2255 motion as untimely "counts" and renders a subsequent § 2255 motion successive. *See, e.g., Villanueva v. United States*, 346 F.3d 55, 59–61 (2d Cir. 2003) ("We . . . hold that a first § 2255 petition that has properly been dismissed as time-barred under AEDPA has been adjudicated on the merits, such that authorization from this court is required before filing a second or successive § 2255 petition."); *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003) ("We hold today that a prior untimely petition does count [for purposes of 28 U.S.C. § 2244(b)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims.").

Stokes has not provided the required certification from the Eleventh Circuit, and there is no indication in the record that Stokes has obtained the required certification authorizing this court to consider his successive § 2255 motion. Accordingly, this court lacks jurisdiction to consider Stokes's successive § 2255 motion, and the motion is due to be dismissed for lack of jurisdiction. *See, e.g., Farris*, 333 F.3d at 1216; *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004).

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the § 2255 motion be dismissed for lack of jurisdiction, as Stokes has failed to obtain the

requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation or before July 25, 2018. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of July, 2018.

    /s/   Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE